UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMINAT MCCLURE, an Individual, JUSTIN
MCCLURE,   an   Individual,   AMINAT
MCCLURE and JUSTIN MCCLURE on behalf
of their minor children, A.M and A.M.,

               JURY TRIAL DEMANDED

       Plaintiffs,

v.                       Case No.

MARK   COUCH,   an   Individual,   COUCH
MEDIA   GROUP   LLC,   a   Georgia   Limited
Liability Company,

       Defendants.

_____/

## **COMPLAINT**

COME NOW, Plaintiffs, AMINAT MCCLURE ("Ms. McClure"), JUSTIN

MCCLURE ("Mr. McClure"), AMINAT MCCLURE and JUSTIN MCCLURE on

behalf of their minor children A.M. and A.M. ("McClure Children") (collectively

"Plaintiffs") by and through their undersigned counsel, hereby file this Complaint

for injunctive relief and damages ("Complaint") against the Defendants, MARK

COUCH ("Couch"), and COUCH MEDIA GROUP LLC, a Georgia limited liability

company ("Couch Media") (collectively "Defendants") and in support hereof states

as follows:

1

## NATURE OF THE ACTION

This action for injunctive relief and damages is brought by Plaintiffs, pursuant to the Copyright Act, Copyright Revision Act, 17 U.S.C. §§101 *et seq.* (the "Copyright Act"), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), Georgia State common law right of publicity, and other common and statutory law(s) as further set forth herein.

Plaintiffs previously brought the claims asserted herein against Defendants in the United States District Court for the Northern District of Georgia in the matter styled *Aminat McClure et. al. v. Mark Couch and Couch Media Group, LLC*, Case No. 1:24-cv-05882-JPB. That matter was dismissed on March 17, 2025 pursuant to a Notice of Dismissal Without Prejudice.

## PARTIES, JURISDICTION AND VENUE

1. This action arises under the laws of the United States and the Copyright Act of 1976 (17 U.S.C. § 101, et seq.), and as such, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

2

3.     Plaintiffs are married individuals who reside in Cobb County, Georgia. Plaintiffs are the parents and legal guardians of the McClure Children. Plaintiffs are domiciled in the State of Georgia.

4.     Defendant Mark Couch, upon information and belief, is domiciled in the State of Georgia.

5.     Defendant Couch Media Group LLC, upon information and belief, is a Georgia limited liability company with its principal place of business located at 1465 Loch Lomond Trail, Atlanta, GA, 30331, USA.

## FACTUAL ALLEGATIONS

### A.     Background of Plaintiffs

6.     Plaintiffs are the holders of rights under the Copyright Act of 1976 (17 U.S.C. §§101 *et. seq.*, and all amendments thereto) (the "Copyright Act") to reproduce, distribute, display, or license the reproduction, distribution and/or display of their audiovisual work ("Plaintiffs' Works" or the "Works"), which is the subject of this action, throughout the United States. Plaintiffs' Works are registered with the United States Copyright Office as Registration Numbers PA 2-506-506, PA 2-506-507, and PA 2-506-505.

7.     Plaintiffs have used experience, talent, and creativity developed over years of hard work to establish a brand and business for which they deliver content

via various social media and streaming platforms, most notably YouTube, Instagram, and TikTok.

8. Plaintiffs own and exclusively control the following subject YouTube accounts: @McClureTwins, @MightyMcClures, and @AvaAndAlexis.

9. Plaintiffs are also the owners of federally pending trademark application for the MCCLURE TWINS mark (Serial No. 98892789) (the "Mark") and have been using the Mark publicly, and in commerce, since in or around October 2017.

10. The @McClureTwins YouTube account has been active since October 2017 and has received over 1.9 billion views.

11. The @MightyMcClures YouTube account has been active since August 2006 and has received over 1.3 billion views.

12. In total, Plaintiffs' YouTube, Instagram, and TikTok accounts have garnered over 10 million total followers and subscribers.

**B.    Business Relationship with Defendants**

13. Couch is the parent of minor child Z.C.

14. Couch is the owner of the YouTube account @iamzionjoy which has been active since December 2021, has around 7,950 subscribers, and over 1 million views.

15. In or around March 2024, Couch contacted Plaintiffs seeking to enter into a business relationship wherein Z.C. would partner with the McClure Children to create music and other content to be delivered via social media and streaming platforms.

16. The McClure Children and Z.C. formed the music group "From A-to-Z."

17. To assist in promoting From A-to-Z, Ms. McClure transitioned her own YouTube account "Life of Ami," which had over 215,000 thousand subscribers, to a From A-to-Z-branded account.

18. Plaintiffs did not provide Couch with access to upload, distribute, or release content via the From A-to-Z YouTube account.

19. Plaintiffs utilized their connections to procure three (3) commissioned performances for From A-to-Z.

20. Overall, From A-to-Z conducted four live performances and four video shoots.

21. With the exception of one performance, Plaintiffs paid any and all costs associated with From A-to-Z's performances, including but not limited to travel, lodging, and catering for all performers, as well as costs associated with building a From A-to-Z website.

22.    Additionally, with the exception of the first From A-to-Z music video which Plaintiffs and Couch evenly divided the costs for a videographer/editor, Plaintiffs personally recorded, edited, and uploaded all videos surrounding From A-to-Z.

23.    On or around October 22, 2024, Plaintiffs determined that the business relationship with Couch was only unilaterally beneficial for Couch.

24.    On or around October 22, 2024, seeking to terminate the business relationship, Plaintiffs contacted Couch advising of their desire to cease creating content with Z.C., to demonetize the From A-to-Z YouTube account, to dissolve the From A-to-Z business venture, and stated that Couch should immediately cease any use of Plaintiffs' intellectual property and/or name, image, and likeness.

25.    In or around October 2024, upon terminating the business relationship with Couch, Plaintiffs paid out fifty percent (50%) of all profits received by From A-to-Z's YouTube account to Couch, and then privated the From A-to-Z YouTube account, thus removing it from public view.

**C.    Defendants' Infringing Actions**

26.    On November 28, 2024, Couch sent a cease-and-desist letter to Plaintiffs demanding that Plaintiffs take one of the following actions: (a) restore the From A-to-Z page and Couch's access; (b) remove content related to Couch Media

6

Group; or (c) dismantle the From A-to-Z YouTube account entirely. A true and correct copy of the subject cease and desist letter is attached hereto as Exhibit "A."

27. On November 28, 2024, Couch also began submitting copyright strikes against Plaintiffs' YouTube accounts that hosted content made during Plaintiffs' and Defendants' business relationship.

28. On November 28, 2024, prior to being aware that Couch submitted the copyright strikes, Mr. McClure responded to Couch's cease and desist letter confirming that the From A-to-Z videos were removed and demanded again that Couch immediately cease and desist any use of the McClure Children's name, image, and likeness. Plaintiffs further expressed that they had no desire for the content to remain public and fully intended to remove all content. However, they were unable to remove the content due to the copyright strikes as Couch acted in a spiteful and vindictive manner by not allowing Plaintiffs time to remove the content after they completed their Thanksgiving dinner.

29. On or around November 28, 2024, Couch screen recorded at least four videos from the From A-to-Z YouTube account and unauthorizedly uploaded the subject videos to the @iamzionjoy YouTube account. Couch also included the Mark in the captions for the subject videos. True and correct copies of screenshots of Couch's uploads to the @iamzionjoy YouTube are attached hereto as Exhibit "B."

7

30.    In the screen recorded videos uploaded to the @iamzionjoy YouTube account, Couch unauthorizedly used the Mark in order to promote, advertise, and benefit from Plaintiffs' brand, reputation, and notoriety.

31.    On December 10, 2024, Plaintiffs reiterated to Couch that any and all implied permissions were revoked and Plaintiffs again demanded that he cease and desist from continuing his unauthorized use of Plaintiffs' intellectual property and/or name, image, and likeness.

32.    On or around December 10, 2024, Plaintiffs noticed that Couch continued to exploit Plaintiffs' name, image, and likeness by continuing to host content that included Plaintiffs on the @iamzionjoy YouTube account. Attached hereto as Exhibit "C" is a list of videos which Couch continues to host on the @iamzionjoy YouTube account which contain Plaintiffs' intellectual property and name, image, and likeness.

33.    On or around December 10, 2024, Plaintiffs also noticed that Couch continued to exploit the McClure Children's sound recordings and compositions as Couch refused to remove the From A-to-Z master sound recordings from streaming platforms, such as Spotify and Apple Music, forcing Plaintiffs to file takedown notices with the distributor, TuneCore.

34.    In response to Plaintiffs' takedown notices submitted against Couch's content on YouTube and TuneCore, Couch claimed that he was the sole and

8

exclusive owner of the rights to the content. Couch further claimed that he was entitled to collect all master sound recording royalties and composition royalties generated from the From A-to-Z music.

35. On or around December 12, 2024, Plaintiff unauthorizedly released derivative works of Plaintiffs' master sound recordings and compositions on all streaming platforms using another distributor, DistroKid. In doing so, Couch claimed he was entitled to collect all master sound recording royalties.

36. On or around December 14, 2024, Plaintiffs received notification that Couch struck one of Plaintiffs' private YouTube videos as he alleged that the derivative works that he recently created were infringed upon. Couch did so because he was well-aware that YouTube's policy requires accounts be terminated upon receiving three copyright strikes.

37. On or around December 20, 2024, another one of Plaintiffs' videos received a copyright strike on behalf of Couch. The copyright strike alleged that the derivative works that Couch recently created were infringed upon.

38. As of December 20, 2024, Couch had submitted six total copyright strikes against Plaintiffs' @McClure Twins, @MightyMcClures, @AvaAndAlexis YouTube accounts.

39. On or around February 24, 2025, in response to Plaintiffs' takedown notices submitted against Couch's content on YouTube, Couch again submitted

9

counterclaims to YouTube falsely alleging that he was "the sole creator, producer, writer, director, and choreographer" and that he "fully own[ed] all intellectual property rights associated with the music and videos in question."

40.    On or around March 22, 2025, Couch falsely represented to YouTube that he possessed valid license agreements authorizing his use of the content in question. However, the purported license agreements he submitted were countersigned by Couch himself, creating the false appearance that he had legal authority to exploit content partially owned by and featuring Plaintiffs.

41.    On or around May 9, 2025, Couch submitted falsified documentation to YouTube, which resulted in the reuploading of the videos to his YouTube channels. This allowed Couch to continue exploiting copyrighted content partially owned by and featuring Plaintiffs' minor children for his own monetary gain.

## COUNT I – COPYRIGHT INFRINGMENT (17 U.S.C. § 501)

42.    Plaintiffs incorporate and reallege paragraphs 1 through 41 as if fully set forth herein.

43.    The Works consists of audiovisual content containing copyrightable subject matter for which copyright protection exists under Copyright Act, 17 U.S.C. §101, et. seq. Plaintiffs maintain ownership interests in and to the Works and Plaintiffs own valid copyright registrations for the Works.

44. Through Defendants' conduct alleged herein, including Defendants' reproduction, distribution, and public display of the Work without Plaintiffs' permission, Defendants have directly infringed Plaintiffs' exclusive rights in the Works in violation of 17 U.S.C. § 501.

45. Upon information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiffs' rights in the Works and has enabled Defendants to illegally obtain profit therefrom.

46. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiffs have been harmed and are entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits.

47. As a direct and proximate result of the Defendants' infringing conduct alleged herein, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Upon information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Works. Plaintiffs therefore are entitled to permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

WHEREFORE, Plaintiffs, AMINAT MCCLURE, JUSTIN MCCLURE, and AMINAT MCCLURE and JUSTIN MCCLURE on behalf of their minor children, A.M. and A.M, demand judgment in their favor against Defendants, MARK COUCH and COUCH MEDIA GROUP LLC and respectfully request that this Court grant all relief to Plaintiffs, including injunctive relief, award them costs, attorneys' fees and any such other relief that the court deems just and proper.

## COUNT II – TRADEMARK INFRINGEMENT (15 U.S.C. § 1125)

48.    Plaintiffs incorporate and reallege paragraphs 1 through 47 as if fully set forth herein.

49.    Plaintiffs own and have rights to use its federally pending MCCLURE TWINS mark in connection with "[o]n-line video journals, namely, vlogs featuring nondownloadable videos in the field of life lessons and events."

50.    As a result of Plaintiffs' longstanding, widespread, and continuous use of the Mark in interstate commerce, the Mark enjoys considerable goodwill that has become associated with Plaintiffs.

51.    Plaintiffs' rights in the Mark predate Defendants' misappropriation, misuse, and infringement.

52.    Defendants' use of the Mark is likely to cause confusion as to the source, sponsorship, or approval of Defendants' content. Consumers may be led to believe that Defendants' content is connected with Plaintiffs.

53.    Defendants chose to use the Mark with constructive and/or actual knowledge of Plaintiffs' prior use of and rights in the Mark.

54.    Defendants' use of the Mark deprives Plaintiffs of the ability to control consumer perception of the quality of their content provided under the Mark, and, instead, places Plaintiffs' valuable reputation and goodwill into the hands of Defendants, over whom Plaintiffs have no control.

55.    The aforementioned acts of Defendants constitute federal trademark infringement in violation of 15 U.S.C. § 1125.

56.    The intentional nature of Defendants' acts makes this an exceptional case and Plaintiffs are entitled to damages pursuant to 15 U.S.C. § 1117(a).

57.    Plaintiffs have been, are now, and will be irreparably harmed by Defendants' aforementioned acts of infringement, and, unless enjoined by the Court, Defendants will continue to infringe upon the Mark. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

WHEREFORE, Plaintiffs, AMINAT MCCLURE, JUSTIN MCCLURE, and AMINAT MCCLURE and JUSTIN MCCLURE on behalf of their minor children, A.M. and A.M, demand judgment in their favor against Defendants, MARK COUCH and COUCH MEDIA GROUP LLC and respectfully request that this Court grant all relief to Plaintiffs, including injunctive relief, award them costs, attorneys' fees and any such other relief that the court deems just and proper.

13

## COUNT III – VIOLATION OF GEORGIA STATE RIGHT OF PUBLICITY

58.    Plaintiffs incorporate and reallege paragraphs 1 through 57 as if fully set forth herein.

59.    Plaintiffs have the exclusive right to use and control the use of their name, image, and likeness.

60.    As the parents of the McClure Children, Plaintiffs have the exclusive right to use the McClure Children's name, image, and likeness.

61.    By misappropriating and publishing videos owned by Plaintiffs and/or refusing to remove videos of Plaintiffs upon Plaintiffs' revocation of permission, Defendants have violated Plaintiffs' common law right of publicity.

62.    Defendants used, and continue to use, Plaintiff's content and name, image, and likeness, without a license, for their own financial benefit and commercial gain.

63.    Defendants used and continue to use Plaintiffs' identities for advertising, marketing, and promoting Couch's YouTube account.

64.    As a result of Defendants' misappropriation and violation of Plaintiffs' right of publicity, Plaintiffs have sustained pecuniary harm and harm to their reputation.

WHEREFORE, Plaintiffs, AMINAT MCCLURE, JUSTIN MCCLURE, and AMINAT MCCLURE and JUSTIN MCCLURE on behalf of their minor children,

14

A.M. and A.M, demand judgment in their favor against Defendants, MARK COUCH and COUCH MEDIA GROUP LLC and respectfully request that this Court grant all relief to Plaintiffs, including injunctive relief, award them costs, attorneys' fees and any such other relief that the court deems just and proper.

## **COUNT IV – FRAUDULENT MISREPRESENTATION**

65.    Plaintiffs incorporate and reallege paragraphs 1 through 64 as if fully set forth herein.

66.    In responding to Plaintiffs' takedown notices submitted on YouTube and TuneCore, Defendants knowingly made false representations with the intent to deceive and to induce YouTube and TuneCore to remove copyright strikes and republicize the content.

67.    YouTube and TuneCore reasonably relied on these misrepresentations being true.

68.    These misrepresentations were material to YouTube and TuneCore's decisions to remove copyright strikes and republicize the content.

69.    Defendants failed to advise YouTube and TuneCore that he was not the sole owner of the content, and that Plaintiffs also maintained sole or partial ownership interests in the subject content.

70.    Defendants owed Plaintiffs a duty not to conceal material information from YouTube and TuneCore.

71. YouTube and TuneCore relied upon Defendants' fraudulent misrepresentations and would not have removed the copyright strikes and republicized the subject content had Couch not misrepresented the ownership interests.

72. As a direct and proximate result of Defendants' fraudulent misrepresentations, Plaintiffs have suffered and continue to suffer from damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs, AMINAT MCCLURE, JUSTIN MCCLURE, and AMINAT MCCLURE and JUSTIN MCCLURE on behalf of their minor children, A.M. and A.M, demand judgment in their favor against Defendants, MARK COUCH and COUCH MEDIA GROUP LLC and respectfully request that this Court grant all relief to Plaintiffs, including injunctive relief, award them costs, attorneys' fees and any such other relief that the court deems just and proper.

## COUNT V – ATTORNEY'S FEES

73. Plaintiffs incorporate and reallege paragraphs 1 through 72 as if fully set forth herein.

74. The Defendants have acted in bad faith and been unduly stubborn and litigious causing Plaintiffs unnecessary trouble and expense, and therefore Plaintiffs are entitled to recover their attorneys' fees and expenses of litigation against the Defendants.

16

**WHEREFORE**, the Plaintiffs pray as follows:

a.  That summons and process issue and that the Defendants be served as provided by law;

b.  That Plaintiffs be awarded a judgment against Defendants in an amount to be determined at trial;

c.  That Plaintiffs be awarded their expenses of litigation including reasonable attorneys' fees;

d.  That a trial by jury be had as to all issues so triable;

e.  That Plaintiffs be awarded temporary and permanent injunctive relief against the Defendants; and

f.  For such other and further relief as the court deems just and proper.

This the 9th day of June, 2025.

Respectfully Submitted,
DAME LAW, PC


By: */s/* Genevieve H. Dame
     Genevieve H. Dame
     Georgia Bar No. 142229
     GDame@DameLawPC.com
     Hayes M. Dever, Jr.
     Georgia Bar No. 338488
     HDever@DameLawPC.com

2392 Mt. Vernon Road       Counsel for Plaintiffs
Dunwoody, Georgia 30338
Telephone:  (678) 456-5797
Facsimile:  (678) 456-5754