IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMINAT MCCLURE, an individual, JUSTIN MCCLURE, an individual, and AMINAT MCCLURE AND JUSTIN MCCLURE, on behalf of their minor children, A.M. and A.M., <br><br> Plaintiffs, <br><br> v. <br><br> MARK COUCH, an individual, and COUCH MEDIA GROUP LLC, a Georgia Limited Liability Company, <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 1:25-CV-3217-MHC |

## ORDER

This case comes before the Court on Defendant Couch Media Group, LLC ("CMG")'s Motion to Dismiss as Defendant ("Def.'s Mot. to Dismiss") [Doc. 24], Plaintiffs Aminat McClure and Justin McClure, individually and on behalf of their minor children, A.M. and A.M., ("Plaintiffs")' Motion for Sanctions against CMG [Doc. 28], and Plaintiffs' Motion for Extension of Time for Discovery [Doc. 31].

### I. BACKGROUND

On June 9, 2025, Plaintiffs filed the above-styled suit against CMG, a Georgia limited liability company, and Mark Couch, an individual, asserting

various copyright violation claims arising from a business relationship involving social media collaborations between the parties' respective minor children. See generally Compl [Doc. 1]. On July 21, 2025, this Court issued an Order directing CMG to retain counsel within thirty (30) days of the entry of the Order. July 21, 2025, Order ("July 21 Order") [Doc. 13]. Apparently in response to the July 21 Order, CMG filed the instant Motion asking that this Court "dismiss it as a party defendant in this action" because it is "presently unable to retain legal counsel to appear on its behalf in federal court." Def.'s Mot. at 2. Plaintiffs filed a Response in Opposition to Defendant's Motion to Dismiss in which they argue that there is no legal basis for dismissal of CMG and that CMG's Motion to Dismiss is an impermissible attempt to circumvent this Court's July 21 Order. Pls.' Resp. in Opp'n to Def.'s Mot. [Doc. 26]. CMG then filed a Supplemental Response in Support of its Motion to Dismiss in which it alleges that it lacks the financial capacity to obtain counsel because CMG is operating at a net loss that CMG argues is "directly attributable to Plaintiffs' wrongful DMCA [Digital Millennium Copyright Act] takedowns, false copyright claims, and interference with revenue streams from YouTube, TuneCore, and related platforms." Def.'s Suppl. Resp. in Supp. of Dismissal [Doc. 27] ¶¶ 1-2. On September 8, 2025, Plaintiffs filed a Motion for Sanctions against CMG on the basis that CMG failed to comply with an

Order of the Court by failing to have counsel make an appearance. See generally Pls.' Mot. for Sanctions ("Mot. for Sanctions") [Doc. 28]. CMG did not file an Opposition to Plaintiffs' Motion for Sanctions.

## II.   DEFENDANT'S MOTION TO DISMISS

As stated in the July 21 Order, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993); see also Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can only act through agents, cannot appear *pro se*, and must be represented by counsel."). This Court's Local Rules also require that a corporation or other organization be represented by an attorney. LR 83.1(E)(2)(b)(H), NDGa ("If the client is a corporation or organization, it may only be represented by an attorney, who must sign all pleadings and papers submitted to the Court; a corporate officer may not represent the client unless that officer is admitted to the bar of this Court . . . or has been admitted *pro hac vice* in the case . . . ."). Therefore, because CMG is a Georgia limited liability company, CMG cannot proceed pro se in this action.

In its Motion to Dismiss, CMG argues that it should be dismissed from the action as a defendant because it lacks counsel. Def.'s Mot. at 2. CMG's argument fails as a matter of law. A business entity who faces a lawsuit may not evade the suit against it by simply choosing not to find counsel. Rather than receive the benefit of dismissal from the action, a business entity in the defensive posture faces the possibility of default judgment if it fails to find representation and properly oppose the allegations. This risk is explicit in the language of aforementioned Local Rule 83.1, which reads "a corporation may only be represented by an attorney . . . <u>failure to comply with this rule could result in a default judgment against the [party]</u>." LR 83.1E(2)(b)(I), NDGa. (emphasis added). This rule is consistently applied across cases. See, e.g., <u>Microsoft Corp. v. Moss</u>, No. 1:06-CV-1670-JOF, 2007 WL 2782503, at *1 (N.D. Ga. Sept. 20, 2007) (entering default against an LLC for failure to comply with court order to obtain counsel); <u>Bakewell v. Fed. Fin. Group, Inc.</u>, No. 1:04-CV-3538-JOF, 2007 WL 4079446, at *1 (N.D. Ga. Oct. 31, 2007) (entering default where defendant corporation failed to retain new counsel after withdrawal of previous counsel). Further, this Court explicitly warned CMG of the risk of default judgment in its July 21 Order. July 21 Order at 3 ("Failure to [retain counsel] may result in sanctions, including the entry of default against Couch Media Group, LLC, and the dismissal of any

4

counterclaims asserted by it."). Therefore, Defendant's Motion to Dismiss is **DENIED**.

### III. PLAINTIFFS' MOTION FOR SANCTIONS

Plaintiffs' Motion for Sanctions asks the Court to dismiss CMG's counterclaims, enter default judgment against CMG, and award attorneys' fees for the costs of bringing the Motion for Sanctions based on CMG's failure to obtain counsel in violation of the July 21 Order. Mot. for Sanctions at 2. In support, Plaintiffs rely on their previous Motion for an Order Requiring the Retention of Counsel, or in the Alternative, Default Judgment and Motion to Dismiss Against CMG [Doc. 12], as granted in this Court's July 21 Order. Id.

Although neither the present Motion for Sanctions nor Plaintiffs' prior motion explicitly state the legal basis on which Plaintiffs seek sanctions, "the court's inherent power grants the authority to impose sanctions for failure to obey a court order." Dimension Leasing, Inc. v. Variety Children's Hosp., No. 05-22701-CIV, 2007 WL 1812174, at *2 (S.D. Fla. June 22, 2007) (citing Goforth v. Owens, 766 F.2d 1533 (11th Cir.1985)); see also Absolute Activist Value Master Fund Ltd. v. Devine, 998 F.3d 1258, 1268 (11th Cir. 2021) ("[D]istrict courts have the inherent power to impose sanctions for failure to comply with their orders."). A court's imposition of sanctions based on its inherent power "derives from the

5

court's need to manage its own affairs so as to achieve the orderly and expeditious disposition of cases." Forsberg v. Pefanis, 261 F.R.D. 694, 698 (N.D. Ga. 2009); Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1306 (11th Cir. 2009) (citations omitted) ("A court may impose sanctions for litigation misconduct under its inherent power."). Importantly, "[t]he key to unlocking the court's inherent power is a finding of bad faith." In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006) (citation omitted). "[A]cts which degrade the judicial system, including attempts to deprive the Court of jurisdiction, fraud, [and] misleading and lying to the Court" are sanctioned through the court's inherent power. Chambers v. NASCO, Inc., 501 U.S. 32, 42-43 (1991). "A court may use its inherent power to preserve the integrity of the judicial process and prevent the perpetration of fraud on the court." Forsberg, 261 F.R.D. at 701.

District courts have broad discretion with respect to the imposition of sanctions. Turner v. Sungard Bus. Sys., Inc., 91 F.3d 1418, 1421 (11th Cir. 1996). However, the Supreme Court has instructed that the Court's inherent power to sanction for willful disobedience of a court order "must be exercised with restraint and discretion." Chambers, 501 U.S. at 44. Although it is true that CMG did not comply with an Order of this Court, there is insufficient evidence of bad faith to impose sanctions at this time. Plaintiffs did not make any allegations of bad faith

in their Motion for Sanctions. Further, CMG did not recalcitrantly ignore the July 21 Order. On July 23, 2025, CMG filed a Motion to Stay Proceedings Pending Retention of Counsel [Doc. 16], asking for a sixty-day deadline to seek counsel, which this Court denied as moot in light of the thirty-day deadline imposed by the July 21 Order. July 29, 2025, Order [Doc. 19]. On August 15, 2025, CMG filed a Notice of Voluntary Dismissal of Counterclaims.[1] [Doc. 23]. Although these filings demonstrate considerable confusion about the requirement that CMG obtain counsel, they appear to have been filed in a good faith effort to comply with the July 21 Order. Accordingly, Plaintiffs' Motion for Sanctions is **DENIED WITHOUT PREJUDICE**.

IV. **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Defendant Couch Media Group, LLC's Motion to Dismiss as Defendant [Doc. 24] is **DENIED**. Defendant Couch Media Group, LLC is again **ORDERED** to have counsel file an

---

[1] The notice is not effective to dismiss the counterclaims brought by CMG. Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits a notice of dismissal to be filed "before the opposing party serves an answer . . . ." In this case, Plaintiffs filed and served their Answer to the Counterclaims on August 8, 2025 [Doc. 21], which predates the filing of the notice. At this point, the only way in which the counterclaims may be dismissed without a court order is if a stipulation of dismissal is filed and signed by all partied who have appeared. See FED. R. CIV. P. 41(a)(1)(A)(ii).

appearance no later than thirty (30) days of the entry of this Order. Failure to do so may result in sanctions, including entry of default and potential default judgment against Couch Media Group, LLC and dismissal of any counterclaims asserted by Couch Media Group, LLC.

It is further **ORDERED** that Plaintiffs' Motion for Sanctions against Couch Media Group, LLC [Doc. 28] is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that Plaintiffs' Motion for Extension of Time for Discovery [Doc. 31] is **GRANTED**. The discovery period in this case is **EXTENDED** to February 26, 2026.

**IT IS SO ORDERED** this 3rd day of December, 2025.

_____
MARK H. COHEN
United States District Judge